IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOSE FOURQUET, and
TARA JONES, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.                              1:04-CV-74 (WLS)

ADVANCE STORES COMPANY,
INCORPORATED d/b/a ADVANCE
AUTO PARTS,

    Defendant.

## ORDER

Presently pending before the Court are Plaintiffs' Motion to Compel (Doc. 19), Defendant's Motion to Strike (Doc. 28), and Defendant's Alternate Motion for Leave to File Sur-Reply (Doc. 28).

For the following reasons, Plaintiffs' Motion to Compel (Doc. 19) is **DENIED without PREJUDICE**, Defendant's Motion to Strike (Doc. 28) is **DENIED as MOOT**, and Defendant's Alternate Motion for Leave to File Sur-Reply (Doc. 28) is **DENIED**.

## DISCUSSION

### I.  Defendant's Motion to Strike

Defendant moves the Court to strike Plaintiffs' Reply to Response to Motion to Compel Production of Documents and Interrogatory Answers. (Doc. 28, *see* Doc. 27). In support of its motion, Defendant cites the fact that Plaintiffs' Reply Brief (Doc. 27) is twenty-one pages long; more than twice the length permitted by Local Rule 7.4. (Doc. 28, ¶ 1). Plaintiffs subsequently attached a corrected reply brief to their response to the instant motion. (*See* Doc. 29, Appendix A). Plaintiffs' corrected reply brief is ten pages long, thereby satisfying the Local Rule 7.4 page requirement such that it sufficiently remedies the violation previously raised by Defendant's motion. The Court,

1

therefore, accepts Plaintiffs' corrected reply brief (Doc. 29, Appendix A) as the Reply to Defendant's Response to Plaintiffs' Motion to Compel.

Having so accepted Plaintiffs' brief, the Court **DENIES as MOOT** Defendant's Motion to Strike (Doc. 28).

## II. Defendant's Alternate Motion for Leave to File a Sur-Reply

Defendant alternately "seeks leave to file a [s]ur-reply brief to Plaintiffs' Motion to Compel (Doc. 19) in order to correct several alleged misstatements and mischaracterizations in Plaintiffs' Reply Brief and to clarify Defendants' ongoing willingness to provide documents and information which are within the scope of this Court's December 8, 2004 Order for Limited Discovery." (Docs. 28, 30).

Under the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Georgia, "[b]riefing of any motion or issue [generally] concludes when the movant files a reply brief. M.D. Ga. L. R. 7.3.1(a). "Sur-reply briefs are not favored." L. R. 7.3.1.(b).

> A party desiring to file a sur-reply brief must move in writing for permission to do so within seven (7) business days of the filing of the brief to which reply is desired, *succinctly specifying* the reasons why additional briefing is necessary. The proposed sur-reply brief *shall not* accompany the motion and *no response to the motion by the opposing party* shall be allowed. L. R. 7.3.1(c) (*emphasis added*).

"Although the court may in its discretion permit the filing of a [sur-reply], this discretion should be exercised in favor of allowing a [sur-reply] only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *See* Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005), *citing* Hammett v. Am. Bankers Ins. Co., 203 F.R.D. 690, 695 n. 1 (S.D. Fla. 2001). Otherwise, allowing sur-replies as a regular practice may subject the Court to an interminable volume of briefs, resulting in undue and burdensome delay for all parties involved. *See* Garrison v. Northeast Georgia Med. Ctr., Inc., 66 F. Supp 2d 1336, 1340 (N.D. Ga. 1999).

In the instant motion, Defendant supplements its Motion to Strike with seven additional paragraphs, none of which succinctly specify the reasons why additional briefing is necessary. (Doc.

2

28 at ¶¶ 3-9). Defendant has made the Court aware of its legal and factual position vis-a-vis Plaintiffs' Motion to Compel (Doc. 19) through its Response (Doc. 22) and fails to sufficiently demonstrate in its Motion to Strike or its reply brief in support of said motion the necessity of a sur-reply. In sum, Defendant's alternate motion consists essentially of arguments respecting the weight of Plaintiffs' Motion to Compel; effectively serving as an unauthorized sur-reply to that motion.

For the aforementioned reasons, the Court, hereby **DENIES** Defendant's Alternate Motion for Leave to File a Sur-Reply (Doc. 28) **as MOOT**.[1]

### III.    Plaintiffs' Motion to Compel

Plaintiffs move to compel Defendant to produce documents and answers to interrogatories propounded on February 4, 2005. (Doc. 19). In the February 4, 2005 interrogatories, Plaintiffs sought the following, among other items: 1) all documents and computerized data that identify or describe interactions between all company stores and other employees or officials outside of the stores; 2) all documents and computerized data that identify all Assistant Store Managers' names, identification numbers, addresses, phone numbers, pay, hours worked, etc. since June 1, 1999; 3) all documents and computerized data involved in processing, recommending, setting, deciding, or otherwise handling the starting pay and subsequent increases of all Assistant Store Managers, including emails or other communications which led to or caused the compensation event; 4) all documents in existence from June 1, 1999 to the present which "relate to" the classification of all employees as either salaried or hourly, "the name of each and every person holding hourly or salaried, supervisory and/or managerial positions," and their respective job duties; 5) all payroll records, documentation, and computerized data of any other type from June 1, 1999 to the present reflecting compensation actually paid to all Assistant Store Managers, their respective hourly rates of pay, hours actually worked, deductions, etc.; and 6) all payroll records, documentation, and computerized data of any other type from June 1, 1999 to the present reflecting hours scheduled and

---

[1] Pursuant to L. R. 7.3.1(c), the Court did not consider Plaintiff's Response to Defendant's Motion for Leave to File a Sur-Reply. (Doc. 29).

actually worked by all store employees, "including but not limited to weekly work schedules, end-of-day reports, summary reports, week-to-date reports, employee detail reports, the People Soft database (or any predecessor or successor databases)...and all computerized data utilized to generate these reports." (Doc. 19, Exhibit C at 10-12, 15, 16) (*emphasis added*).

Generally, parties are allowed to obtain discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Fed. R. Civ. P. 26(b)(2), (c); *see also* Micro Motion Inc. v. Kane Steel Co., 894 F.2d. 1318, 1323 (Fed. Cir. 1990), *citing* American Standard, Inc. v. Pfizer, Inc., 828 F.2d. 734, 739 (Fed. Cir. 1987). "Discovery should be tailored to the issues involved in the particular case." Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992), *citing* Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55 (D.N.J. 1985).

In light of this, the Eleventh Circuit adopted a balancing standard in McCarthy v. Barnett Bank of Polk County, 876 F.2d. 89 (11th Cir. 1989), under which the Court must compare the hardship of the party against whom discovery is sought against the probative value of the information to the other party. *See also*, Dikeman v. Mary A. Stearns, P.C., 233 Ga. App. 646, 648 (2002) (where a state court of appeals balanced an individual's right to privacy against discovery of relevant financial information). The Court notes that discovery of the aforementioned documents could potentially assist Plaintiffs to identify their claims and those of other potential plaintiffs with greater specificity. Plaintiffs' requests, however, are quite voluminous, encompassing all documents which memorialize any interaction, policy, procedure, or report between Defendant and its employees in over 2,400 stores. (*See* Doc. 22). When weighed against the fiscal, personnel, and logistical costs Defendant would have to incur to properly comply with such production, the Court finds that compelling Defendant to produce all of the requested documentation at this stage of discovery would impose an undue burden, particularly in light of the Court's order limiting discovery. (*See* Docs. 12,

4

15). However, compelling production of those requested documents that bear directly on the named Plaintiffs' claims and circumstances would not be unduly burdensome under the McCarthy standard. Compelling limited production would also be consistent with the Court's order permitting discovery as to named Plaintiffs while simultaneously staying all other discovery pending further order of the Court. *Id.*

The Court therefore **GRANTS in PART** and **DENIES in PART** Plaintiffs' Motion to Compel (Doc. 19), compelling limited production of the requested documents as follows:

Not later than twenty (20) days from the date of this order, Defendants shall serve on counsel for the Plaintiff's the following:

1. All documents and computerized data that identify all Assistant Store Managers' names, identification numbers, addresses, phone numbers, pay, and hours worked at all stores at which a named Plaintiff is or was employed since June 1, 1999 to the present;

2. All documents and computerized data involved in processing, recommending, setting, deciding, or otherwise handling the starting pay and subsequent increases of all Assistant Store Managers at stores employing or previously employing a named Plaintiff, including e-mails or other communications which led to or caused the compensation event from the date of said employee's employment to the present;

3. All documents in existence at a store where a named Plaintiff is or was employed from the date of employment to the present which relate to the classification of all employees at such store as either salaried or hourly, the names of each and every person holding hourly or salaried, supervising and/or managerial positions, and their respective job duties;

4. All payroll records, documentation, and computerized data of any other type for stores in which a named Plaintiff is or was employed from the date of employment to the present reflecting compensation actually paid to all Assistant Store Managers, their respective hourly rates of pay, hours actually worked and deductions; and,

5. All payroll records, documentation, and computerized data of every type at the stores

where a named Plaintiff is or was employed from the date of said employment to the present reflecting hours scheduled and actually worked by all store employees at said stores.

Defendant shall also serve on Plaintiff any related documents to those ordered produced herein located in or originating in Defendant's regional offices or headquarters.

The Court denies Plaintiff's motion to compel Defendant to produce all documents and computerized data that identify or describe interactions between all company stores and other employees or officials outside of the stores, unless related to or concerning a named Plaintiff. Said request, as stated, is otherwise overly broad and unduly burdensome.

It is further ordered that the limited discovery period is extended an additional 60 days from November 4, 2005, up to and through **Wednesday, January 4, 2006**. All related discovery deadlines are likewise extended.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in PART and DENIES in PART** Plaintiffs' Motion to Compel (Doc. 19), **DENIES** Defendant's Motion to Strike (Doc. 28) **as MOOT**; and **DENIES** Defendant's Alternate Motion for Leave to File a Sur-Reply (Doc. 28).

SO ORDERED, this **3rd** day of November, 2005.

_____
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6